This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Richard Sahr, appeals the decision of the trial court, adjudging him to be a sexual predator. We affirm.
On April 14, 1992, the Lorain County Grand Jury indicted Mr. Sahr on twenty counts of rape and ten counts of gross sexual imposition. Mr. Sahr initially pled not guilty to the charges. Subsequently, pursuant to a plea agreement, Mr. Sahr pled guilty to ten counts of rape, in violation of R.C. 2907.02(A)(2), and ten counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). The trial court accepted the plea and nolled the additional ten counts of rape, in violation of R.C.2907.02(A)(1)(b). On December 30, 1992, Mr. Sahr was sentenced accordingly.
While Mr. Sahr was still serving his term of imprisonment, the Ohio Department of Rehabilitation and Correction recommended that Mr. Sahr be adjudicated as being a sexual predator, pursuant to R.C. Chapter 2950. A sexual offender classification hearing was held on August 9, 2001. In a judgment journalized on August 15, 2001, the trial court adjudicated Mr. Sahr a sexual predator. This appeal followed.
Mr. Sahr asserts a single assignment of error for review:
 "THE STATE FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE DEFENDANT WOULD LIKELY ENGAGE IN THE FUTURE IN A SEXUALLY ORIENTED OFFENSE AND THE DETERMINATION THAT HE BE CLASSIFIED AS A SEXUAL PREDATOR WAS IN ERROR."
Mr. Sahr has argued that the state failed to prove by clear and convincing evidence that Mr. Sahr was likely to engage in a sexually oriented offense in the future, and, therefore, the trial court erred in adjudging him to be a sexual predator. We disagree.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.01(G)(3), an offender is "`adjudicated as being a sexual predator'" if:
 "[p]rior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator."
As Mr. Sahr was sentenced prior to January 1, 1997 and has remained imprisoned since that time, the trial court was required to proceed under R.C. 2950.09(C). R.C. 2950.09(C)(1) requires the Ohio Department of Rehabilitation and Correction to determine whether to recommend that an offender be adjudicated a sexual predator and to submit the recommendation to the trial court which sentenced the offender. R.C.2950.09(C)(2)(b) authorizes the trial court to hold a hearing as described in R.C. 2950.09(B)(1) to determine whether the offender is a sexual predator.
In determining whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
R.C. 2950.09(B)(2).
The trial court must find that the offender is a sexual predator by clear and convincing evidence. R.C. 2950.09(C)(2)(b). Clear and convincing evidence is that which will produce in the trier of fact "a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Mr. Sahr does not dispute that his multiple convictions for rape and gross sexual imposition were sexually oriented offenses. See R.C.2950.01(D)(1). Rather, Mr. Sahr asserts that the state failed to prove by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. We disagree.
The record indicates that Mr. Sahr, then in his mid-thirties, began sexually assaulting his stepdaughter, when she was approximately nine years old. The abuse continued over several years. During that period of time, Mr. Sahr repeatedly engaged in, inter alia, oral and anal intercourse with the victim. A few years after the sexual abuse ceased but before he was formally charged with the offenses in the instant case, Mr. Sahr and the victim attended counseling relating to the incidents. One of Mr. Sahr's mental health counselors, David Zachau, related that Mr. Sahr had been in individual therapy with him prior to sentencing, during which time Mr. Sahr demonstrated remorse and shame over his conduct. Mr. Zachau described Mr. Sahr as a highly motivated client.
After months of counseling, however, in September 1992, Mr. Sahr made a statement that the sexual acts with the victim were consensual in nature, despite the tender age of the victim. During the hearing, the trial court expressed concern over such statement. In response, Mr. Sahr acknowledged that his statement was completely wrong and that the incidents were entirely his fault.
Additionally, Mr. Sahr adduced evidence tending to show that he had attempted to rehabilitate himself while incarcerated, such as certificates of completion of sex offender therapy programs, stress and anger management programs, and self-esteem programs. He also demonstrated that he had taken several college courses while incarcerated, maintaining a high grade point average. Mr. Sahr did not have a prior criminal record, and his criminal history/risk score was zero on a parole board assessment conducted in June of 1999.
In determining that Mr. Sahr was likely to commit future sexually oriented offenses, the trial court stressed the nature and high number of the offenses in the indictment, the tender age of the victim, the fact that the offenses occurred over a long period of time, and the fact that the victim was Mr. Sahr's stepdaughter. Citing State v. Remines (June 23, 1999), 9th Dist. No. 97CA006903, the trial court also noted that sex offenders whose victims are children generally have a high proclivity of recidivism. Mr. Sahr argues that, given the period of more than nine years of incarceration and his substantial efforts at rehabilitation, the facts surrounding the offense failed to establish by clear and convincing evidence that he is likely to commit a sexually oriented offense in the future. Although Mr. Sahr's efforts to rehabilitate himself are commendable, this court nevertheless concludes that, based on the record, the trial court could find by clear and convincing evidence that Mr. Sahr was likely to engage in a sexually oriented offense in the future. This court, therefore, holds that the trial court did not err in classifying Mr. Sahr as a sexual predator.
Mr. Sahr's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
BAIRD, P.J., WHITMORE, J. CONCUR.